**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**

IN RE:
Standing Orders for R. Stan Baker, United
States District Judge, Southern District of
Georgia

MISC. CASE NO.: 4:20-mc-5

## STANDING ORDER
## FOR ALL CASES PENDING BEFORE
## DISTRICT JUDGE R. STAN BAKER

This Order shall govern all cases pending before District Judge R. Stan Baker.   All parties and their counsel appearing before Judge Baker shall follow the procedures and instructions set forth in this Order.   This Order is meant as a supplement to and not a replacement of the Court's Local Rules.   To the extent there is any conflict between this Standing Order and the Court's Local Rules, this Standing Order shall govern in cases assigned to Judge Baker.   To the extent there is any conflict between this Standing Order and an order entered in a specific case, the case specific order shall govern.   Throughout this Order, the Court refers to Judge Baker's Courtroom Deputy Clerk, Pam Hammock, as "the CRDC" or "Judge Baker's CRDC."   Counsel may communicate with Ms. Pam Hammock as directed below and with questions or concerns regarding this Order, at 912-650-4081 or pam_hammock@gas.uscourts.gov.

## TABLE OF CONTENTS

I.  **General Instructions** ................................................................................................ **1**

   A.  Federal Rules and Local Rules ..................................................................... 1

   B.  Administrative Procedures for Electronic Filing ......................................... 1

   C.  Proposed Orders ........................................................................................... 2

   D.  Courtesy Copies and Motions for Expedited Relief ..................................... 2

   E.  Contacting Chambers .................................................................................... 2

   F.  Personal Electronic Devices and Internet Access ........................................ 3

II.  **Hearings, Conferences, and Other Non-Trial Proceedings** ............................... **4**

   A.  Hearing Scheduling ...................................................................................... 4

   B.  Hearing Witnesses and Exhibits .................................................................. 4

   C.  Courtroom Presentation Technology ............................................................ 5

   D.  In-Person Hearings ....................................................................................... 6

   E.  Hearings Conducted by Electronic Means ................................................... 6

   F.  Sealed Hearings ............................................................................................ 8

III.  **Trial** ....................................................................................................................... **9**

IV.  **Specific Instructions for Civil Cases** ................................................................. **10**

   A.  Case Management ....................................................................................... 10

   B.  Motions ....................................................................................................... 10

   C.  Notice of Settlement ................................................................................... 12

V.  **Specific Instructions for Criminal Cases** ......................................................... **13**

   A.  Case Management ....................................................................................... 13

   B.  Attendance at Criminal Hearings ............................................................... 13

   C.  Motions ....................................................................................................... 14

   D.  Status Reports ............................................................................................. 15

   E.  Speedy Trial ................................................................................................ 16

   F.  Plea Agreements and Rule 11 Hearings ..................................................... 16

      1)  Plea Agreements .................................................................................. 17

      2)  Plea of Guilty without Plea Agreement ............................................... 18

      3)  Plea of Guilty to Felony Information ................................................... 18

   G.  Presentence Investigation Reports and Sentencing Hearings ..................... 19

## I.   General Instructions

### A.   Federal Rules and Local Rules

The Court expects counsel and pro se litigants to follow the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules for the Southern District of Georgia.   Additionally, Judge Baker's Standing Orders, Procedures, Instructions, and Forms can be found on the Court's website at:   Judge Baker | Southern District of Georgia | United States District Court (uscourts.gov).   These rules and materials answer many frequently asked questions, and counsel and unrepresented parties should review them before contacting the Court.

### B.   Administrative Procedures for Electronic Filing

1)      The Court requires counsel to file all cases and court filings electronically and maintained in the Court's Case Management/Electronic Case Filing System ("CM/ECF") unless otherwise ordered.   The Court's Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means provide counsel and unrepresented parties instructions on how to file within the Southern District of Georgia.   All parties must read, follow, and be familiar with these procedures.   Counsel and unrepresented parties cannot file pleadings by emailing them to the Court.   At times, including in this Order, the Court will order that counsel and unrepresented parties email materials, such as witness lists and exhibits, to Judge Baker's Courtroom Deputy Clerk.   If an unrepresented party has no access to email, the party shall send the materials to the Clerk of Court via regular mail.

2)      Should any party seek to have a case or pleading treated as a Highly Sensitive Document and not filed in CM/ECF, the party must comply with the Standing Order in Miscellaneous Case No. 1:21-mc-2.

C. <u>Proposed Orders</u>

When submitting a proposed order, counsel must email it in Microsoft Word format to the appropriate proposed orders divisional email with a copy to Judge Baker's CRDC.   Counsel must include the case name and number in the subject line of the email.

D. <u>Courtesy Copies and Motions for Expedited Relief</u>

1)   When filing pleadings electronically, counsel shall not submit a courtesy copy to Judge Baker's chambers.   The Court may request paper courtesy copies of pleadings or motions with excessive pages or voluminous exhibits.   In these rare cases, the Court will make that request known to the filing party, and the courtesy copy should be mailed to the attention of Judge Baker's CRDC as directed in the request.

2)   However, any counsel filing an emergency motion, motion for temporary restraining order, or other motion seeking expedited relief, shall email a courtesy copy of the motion to Judge Baker's CRDC.   Counsel shall email such motion as soon as practicable after electronically filing the motion in CM/ECF and shall copy all other counsel appearing in the case on the email.   To the extent that any other party does not have counsel appearing in the case, counsel shall attempt to copy the other party and any attorney counsel believes to be representing the other party on the matter.   Any unrepresented party filing an emergency motion shall title the motion as such and shall alert the Clerk's Office at the time of filing the motion.

E. <u>Contacting Chambers</u>

1)   A party seeking any form of relief from the Court must file a motion on the record and shall not request relief via email or other communication to Judge Baker's Chambers.   This directive includes requests for extension of time and other procedural matters.   Counsel may

contact Judge Baker's Chambers, through Judge Baker's CRDC, with logistical questions and for other assistance.

2)      When contacting the Court, counsel <u>shall not</u> discuss the substance or merits of any case with the CRDC or any other member of Chambers.   The CRDC and the other members of Chambers <u>will</u> <u>not</u> discuss the merits of any case, give legal advice of any kind, interpret the rules or any order of this Court, or provide time estimates for the Court's written rulings.

3)      When contacting Judge Baker's CRDC, counsel must include all counsel of record in the communication.   Ministerial or administrative email communications are included in this requirement.   Thus, counsel should advise any support staff communicating on their behalf to include opposing counsel and all other counsel of record on all emails to the Court.

F.   <u>Personal Electronic Devices and Internet Access</u>

1)      Persons entering any courthouse location, including attorneys, must adhere to each courthouse's rules related to personal electronic devices (e.g., cellular phones, laptop computers, iPads, and tablets).   Generally, persons entering the courthouse are not allowed beyond the courthouse security checkpoint with any electronic devices without prior approval.

2)      The Court may permit counsel of record and parties to bring personal electronic devices into the courthouse.   Counsel and unrepresented parties seeking to bring personal electronic devices into the courthouse must request permission to do so by email to Judge Baker's CRDC at least twenty-four hours before a hearing.

3)      Internet access is unavailable in all courthouse locations, and the Court generally will not provide internet access.   Attorneys seeking access to the internet within the courthouse must inquire with Judge Baker's CRDC at least twenty-four hours before a hearing.

## II.     Hearings, Conferences, and Other Non-Trial Proceedings

The directives below apply to hearings, conferences, and all proceedings other than trials before Judge Baker.   For ease of reference, the Court refers to all such proceedings as "hearings" in these directives.   These directives apply in both civil and criminal cases and whether the hearing is conducted in person or by electronic means.   Directives regarding trials are provided in other instructions and case-specific orders.

### A.  Hearing Scheduling

Judge Baker specially sets all hearings with a hearing notice issued on the record. Typically, the Court schedules hearings in thirty-minute intervals and allots thirty minutes on the Court's calendar for a hearing.   Should counsel or any unrepresented party expect that a hearing will last longer than thirty minutes, counsel or the unrepresented party shall notify Judge Baker's CRDC via email as soon as practicable and at least forty-eight hours prior to the hearing. Untimely notice may result in the hearing being rescheduled to a later date.

### B.  Hearing Witnesses and Exhibits

1)     Should a party anticipate calling any witnesses during a hearing, counsel or any unrepresented party must email Judge Baker's CRDC a witness list within the deadline set by the Court in the case.   If the Court has not set a deadline in the case, counsel or any unrepresented party must email the witness list as soon as practicable and no later than forty-eight hours before the hearing.

2)     Should a party anticipate presenting any exhibits during a hearing, counsel or any unrepresented party must email Judge Baker's CRDC an exhibit list and an electronic copy of all exhibits within the deadline set by the Court in the case.   If the Court has not set a deadline in the case, counsel or any unrepresented party must email the exhibit list and an electronic copy of all

exhibits as soon as practicable and no later than forty-eight hours before the hearing.   If any party anticipates presenting an exhibit that is not easily submitted via email, counsel or any unrepresented party shall contact Judge Baker's CRDC regarding an alternate means of delivery well before the deadline to provide exhibits.   If a party intends to offer physical evidence or any other exhibit that cannot be provided in electronic format, the party must include a photograph or other electronic reproduction of the exhibit as a placeholder in the party's exhibit production.

3)      Exhibits should be separately and sequentially marked numerically, not alphabetically.   Parties must not label or group exhibits into categories.   For example, rather than marking exhibits as: 1a., 1b., 1c., exhibits must be marked as: 1, 2, 3.   Each electronic exhibit must be named in an easily identifiable manner.

4)      Exhibits shall be offered, introduced, and utilized only in electronic format.   This includes exhibits for introduction into evidence, to be shown to witnesses, for demonstrative purposes, and for impeachment.   Counsel may use the Court's courtroom presentation technology for displaying exhibits but shall follow the directives below regarding such use.

C.   Courtroom Presentation Technology

Should counsel or any unrepresented party wish to use the Court's presentation technology during a hearing, counsel, or the unrepresented party shall notify Judge Baker's CRDC well before the hearing and at least three business days before the hearing.   Counsel shall coordinate a time to test on the presentation technology well before the hearing.   While the CRDC and the Court's Department of Computer Services are available to provide training and technical assistance, it is ultimately a party's responsibility to perform the required testing, to resolve any problems or issues well before the hearing, and to use the presentation technology, including the presentation of exhibits, during the hearing.

D.  <u>In-Person Hearings</u>

Unless otherwise specified in the hearing notice, all hearings will be held in person.   The Court does not provide "live-streaming" or "virtual attendance" for in-person hearings.   Should any party seek to have a witness or other participant attend a hearing by electronic means, the party must make that request by filing a motion in the case at least five business days before the hearing, showing good cause for the request.   Leave to attend an in-person hearing by electronic means will be granted only for exceptional reasons.

E.  <u>Hearings Conducted by Electronic Means</u>

1)     Should the Court set a hearing by electronic means, either by video or telephone, the Court will note the same in the hearing notice issued on the record.   Judge Baker's CRDC will email counsel and any unrepresented party specific instructions for attending and participating in the hearing by electronic means.   It is counsel's responsibility to coordinate attendance by electronic means with counsel's client and any witnesses that counsel seeks to have attend. Counsel and the parties shall only disseminate the hearing access information to parties and witnesses who are participating in the hearing.   The public, including a party's family members who are not participating in the hearing, will not be permitted to attend by electronic means.

2)     All persons attending a hearing by electronic means will do so remotely.   Absent prior approval of the Court, only the presiding judge and any essential court staff will be physically present in the courtroom.   If any party is detained, the party will remotely participate in the hearing from the detention facility, through coordination of the United States Marshals Service.   Counsel for a detained party may either attend the hearing with the detained party from the detention facility or through a separate remote connection.   If a criminal defendant is on pretrial release at the time

of the hearing, counsel shall coordinate with the criminal defendant to remotely participate in the hearing.[1]

3)      Persons attending a hearing by electronic means are reminded of the strict prohibition against recording or rebroadcasting any court proceedings.   No one may record, live stream, rebroadcast or otherwise capture or disseminate any hearing held by electronic means. Violation of these prohibitions may result in sanctions including contempt proceedings.

4)      The Court will primarily use Microsoft TEAMS or Cisco Meeting Service for hearings conducted by video.   Participants to a video hearing must download the specific software application upon receiving instructions for attending the video hearing from the CRDC and shall test the software well before the hearing.   Participants to a video hearing must attend the hearing using a computer or tablet equipped with a camera, microphone, speaker, and strong internet connection.   Participants shall not attempt to attend a video hearing using a mobile telephone or through cellular data.   Participants to a video hearing must wear court-appropriate attire and must not participate from a location with background noise or other distractions.

5)      The Court will primarily use its dedicated secure teleconferencing line for hearings conducted by telephone.   Participants in a telephonic hearing must attend the hearing using a landline or a mobile device with a strong cellular signal.   Participants to a telephonic hearing must not participate from a location with background noise or other distractions.

6)      The Court may allow public access to some hearings via the Court's Public Telephone Access Line.   In that event, the Court will issue a notice on the Court's docket

---

[1]  Counsel for a party will not be permitted to utilize the Court's video or telephone conference capabilities for attorney-client privileged discussions with their client before a hearing.   If a party is detained, counsel must make arrangements directly with the detention facility or the United States Marshals Service to meet with their client.   Only if those efforts first prove unsuccessful should counsel contact Judge Baker's CRDC to determine alternate arrangements for a meeting with the detained party.

providing instructions for accessing the hearing.   The Court's Public Telephone Access Line provides "listen-only" access, and those dialing into the line will not be able to speak during the hearing.   Persons accessing the Court's Public Telephone Access Line are cautioned regarding the strict prohibition against recording or rebroadcasting any court proceedings.   No one may record, live stream, rebroadcast or otherwise capture or disseminate any hearing accessed through the Public Telephone Access Line.   Violation of these prohibitions may result in sanctions including contempt proceedings.

F.  <u>Sealed Hearings</u>

Should counsel or any unrepresented party anticipate the need for a hearing or any portion of a hearing to be conducted under seal, counsel or the unrepresented party must notify Judge Baker's CRDC via email long before the hearing and at least forty-eight hours prior to the hearing. Counsel shall be prepared at the beginning of the hearing to provide good cause for sealing the record.

**III.     Trial**

Judge Baker specially sets all trials in criminal and civil cases.   Judge Baker's chambers monitors all criminal and civil cases and sets matters down on the Court's calendar as they become ripe.   That said, should a party believe that a case is ripe for trial for an extended period without a trial setting, the party may motion the Court for a trial setting.   Judge Baker issues trial management orders when setting a matter for trial, and counsel and any unrepresented parties should carefully heed the instructions in those orders.

IV.     **Specific Instructions for Civil Cases**

A.  Case Management

Orders, instructions, and forms regarding case management of civil cases before Judge Baker are available on the Court's website at: Judge Baker Civil Cases | Southern District of Georgia | United States District Court (uscourts.gov).   Counsel and any unpresented party shall study these materials at the commencement of a civil case and should refer to them throughout the case.

B.  Motions

1)  Generally

A party seeking relief or action from the Court shall file a motion clearly stating the relief or action sought and the supporting basis.   The Court will not consider any request for relief or action contained in a pleading other than a motion such as a complaint, status report, or notice.   A request for relief contained in any filing other than a motion will not continue or extend any deadlines or proceedings.

2)  Motions Seeking Expedited Relief

Ordinarily, the Court will not rule on a motion until a response has been filed or until the deadline for a response has passed without a response being filed.   Additionally, the Court's docket often requires it to give attention to previously filed matters before turning to a recently filed motion.   Should a party seek emergency or other expedited relief, the party shall title its motion as such and must explain in the motion the nature of the exigency and the timeframe by which a ruling or a hearing is requested.   Additionally, any party filing such motion shall comply with the directives set forth in Section I.D. of this Order.

3)  Motions for Temporary Restraining Order and for Preliminary Injunction

A party seeking a temporary restraining order or a preliminary injunction must file a motion in the case seeking such relief.   The Court will not consider a request for such relief that is only contained within a complaint.   Additionally, any party filing such motion shall comply with the directives set forth in Section I.D. of this Order.

4)  Consent and Joint Motions

A party seeking relief that all other parties do not oppose should title the motion a "Consent Motion."   A party seeking relief that one or more parties also seeks should title the motion a "Joint Motion."   Simply because a motion seeks unopposed relief or joint relief does not mean that the Court will automatically grant the motion.   Counsel must still provide good cause for the relief sought in the motion.   Particularly on issues of jurisdiction, including motions for remand, counsel must specifically address the requirements for relief and should not simply rely on the consent or joint nature of the motion.

5)  Motions for Extension of Time

Should any party seek the extension of any deadline in a case (including a deadline to respond to discovery, to respond to a motion, or to file any other pleading), the party shall file the motion for extension long before the deadline.   Additionally, before filing the motion for an extension, the party shall first contact all other parties and determine if the other parties join in, consent to, or oppose the request.   When filing the motion for an extension, the party requesting the extension must state in their motion whether the other parties join in, consent to, or oppose the request and must provide good cause for the relief requested.

C. <u>Notice of Settlement</u>

If the parties have agreed to settle all or part of a case, the parties shall promptly file a notice of settlement on the Court's docket.   The parties should also state when the parties expect that the settlement will be finalized and when a stipulation of dismissal will be filed.   Should the parties seek a stay of the case or continuance of any deadlines while finalizing the settlement, the parties should move for such relief.

## V.    Specific Instructions for Criminal Cases

### A.  Case Management

Orders, instructions, and forms regarding criminal cases before Judge Baker are available on the Court's website at: Judge Baker Criminal Cases | Southern District of Georgia | United States District Court (uscourts.gov).   Counsel shall study these materials and shall refer to them throughout the criminal case.

### B.  Attendance at Criminal Hearings

1)    If an Assistant United States Attorney ("AUSA") of record cannot attend a hearing, rather than motioning the Court for a continuance of the hearing, another AUSA may attend the hearing provided that the substitute counsel is fully apprised of the facts and law necessary to represent the Government at the hearing.   The Government must provide written notice of the substitution of counsel by email to Judge Baker's CRDC at least forty-eight hours before the hearing.   The AUSA of record, defense counsel, and the substitute AUSA must all be included on this email to the CRDC.

2)    Defense counsel shall notify any non-detained client of the time, date, and place of any hearing immediately upon receiving notice of the hearing and must remain in contact with the defendant before the hearing to ensure the defendant's attendance.

3)    The United States Attorney's Office shall notify any victims of any hearings and make any necessary arrangements for victim attendance and participation in any proceedings. Should any victim wish to make any statement during a sentencing hearing, the AUSA of record must notify Judge Baker's CRDC and opposing counsel within the timeframe for notifying the Court of witnesses to the hearing.

4)      Judge Baker does not ordinarily conduct criminal hearings by electronic means. Should any party seek to hold a criminal hearing by electronic means or to have a participant attend a criminal hearing by electronic means, the party must file a motion requesting the same.   The motion should specifically state the legal authority for electronic attendance to be allowed, the exceptional circumstances warranting the hearing to be conducted by electronic means or the participant to attend via electronic means, and whether all other parties to the hearing join in or oppose the request.

C.   <u>Motions</u>

1)   Generally

A party seeking relief or action from the Court shall file a motion clearly stating the relief or action sought and the supporting basis.   The Court will not consider any request for relief or action contained in a pleading other than a motion such as a status report, or notice.   A request for relief contained in any filing other than a motion will not continue or extend any deadlines or proceedings.

2)   Consent and Joint Motions

A party seeking relief that all other parties do not oppose should title the motion a "Consent Motion."   A party seeking relief that one or more parties also seeks should title the motion a "Joint Motion."   Simply because a motion seeks unopposed relief or joint relief does not mean that the Court will automatically grant the motion.   Counsel must still provide good cause for the relief sought in the motion and should not simply rely on the consent or joint nature of the motion.

14

3)  Motions for Extension of Time

Should any party seek the extension of any deadline in a case (including a deadline to respond to a motion or to file any other pleading), the party shall file the motion for extension well before the deadline.   Additionally, before filing the motion for an extension, the party shall first contact the opposing party and determine if the other party joins in, consents to, or opposes the request.   When filing the motion for an extension, the party requesting the extension must state in their motion whether the other party joins in, consents to, or opposes the request and must provide good cause for the relief requested.

4)  Motions to Seal

Should any party seek to file a document or other item under seal, the party must ordinarily adhere to the requirements of this Court's Local Rules for sealing procedures.   That said, sentencing materials, including presentence investigation reports ("PSIR's"), objections to PSIR's, sentencing memorandums, victim impact statements, and motions for variance or departure are inherently confidential.   Thus, such materials shall be filed in a restricted manner in CM/ECF so that only counsel and the Court have access to the filing.   When filing sentencing materials, counsel need not move to seal and shall refer to the instructions and procedures for filing sentencing materials referenced in the Court's case-specific sentencing order.

D.  Status Reports

The Court utilizes status reports as a significant case management tool in criminal cases. The Court includes its status report form with the case-specific scheduling order, and the form can be found on the Court's website.   The Court expects that the parties will be prepared to resolve the case through trial, a change of plea hearing, or otherwise before the status report deadline. Thus, the AUSA and defense counsel must have addressed any pretrial motions and any plea

negotiations long before the status report deadline.   Should the parties submit a status report that includes a boilerplate or unexplained request for additional time to conduct motions or plea negotiations, the Court will set the case for trial.   In rare cases where more time is needed for plea negotiations or other matters after the status report deadline, counsel should explain in the Status Report the underlying circumstances and state whether additional time should be considered an excludable period of delay under the Speedy Trial Act, 18 U.S.C. § 3161(h).

E.   Speedy Trial

It is the responsibility of all parties as well as the Court to be mindful of the timing provisions of the Speedy Trial Act.   Counsel for the Government and the defendant shall keep track of the running of the Speedy Trial clock.   Should any party believe that the time for trial provided by the Speedy Trial Act is in danger of expiring, the party shall notify the Court promptly and well before expiration of the time for trial by filing a notice on the record.   A defendant may not waive the timeliness requirements of the Speedy Trial Act.   United States v. Ammar, 842 F.3d 1203, 1206 n.3 (11th Cir. 2016).   Rather, "[t]he district court bears the burden of making ends-of-justice findings and placing them on the record irrespective of the defendant's agreement to a delay."   Id.   Thus, the parties shall not file a "waiver of speedy trial" or other similarly labeled pleading but must motion the Court for an ends of justice continuance pursuant to 18 U.S.C. § 3161(h)(7).

F.   Plea Agreements and Rule 11 Hearings

The filing of a notice of plea agreement alone will not continue or extend any deadlines, hearing, or trial that has been set in the case.   Should the parties seek a continuance of any deadlines, hearing, or trial setting, the parties must file a motion in the case seeking such relief.

16

Absent a showing of good cause, a motion to continue or extend a trial setting shall be made *at least two weeks* before the trial date.

    1)    Plea Agreements

        a)  Plea agreements must be signed by at least one AUSA of record in the case, the defendant, and at least one attorney of record for the defendant.   Electronic or /s/ signatures are not acceptable signatures for any party on the plea agreement.   Additionally, the defendant shall initial each page of the plea agreement.

        b)  The plea agreement must contain a detailed factual basis for the defendant's plea of guilty sufficient for the Court to find a factual basis at the Rule 11 hearing.   The factual basis in the plea agreement shall not simply track the language of the charging instrument or the statute.

        c)  At the time of execution of the plea agreement, the parties shall complete a full plea package which must include the following:

            i.    a summary of the plea agreement;
            ii.   a fully executed plea agreement;
            iii.  an executed change of plea sheet; and
            iv.  a proposed order accepting the plea agreement.

        d)  Upon completion of the plea package, the AUSA of record in the case shall promptly email Judge Baker's CRDC the complete plea package.   All the above components shall be attached to one email.   The AUSA shall copy defense counsel on the email and shall note any special information about the plea agreement including if it is entered pursuant to Federal Rule of Criminal Procedure 11(C)(1)(c).   Upon providing the plea package to the CRDC, the AUSA of record shall contemporaneously file a Notice of Plea Agreement on the record of the case.

        e)  Judge Baker will not set a matter down for a Rule 11 hearing until the above requirements are met.

2)    Plea of Guilty without Plea Agreement

a)  If a defendant seeks to enter a plea of guilty without a plea agreement, defense counsel shall inform the Court by filing a notice on the record that announces the defendant's intent to plead guilty, states the charges to which Defendant intends to plead, and requests a Rule 11 hearing.

b)  Upon Defendant's notice of intent to plead guilty without a plea agreement, the AUSA of record shall email Judge Baker's CRDC a summary of the plea.   The summary must include a statement of the elements of all offenses to which the defendant intends to plead guilty, the statutory penalties associated with all such offenses, and the factual basis for a finding of guilty as to all such offenses.   The AUSA shall copy defense counsel on the email and shall note any special information about the anticipated change of plea in the case.

c)  Judge Baker will not set a matter down for a Rule 11 hearing until the above requirements are met.

d)  When a defendant intends to plead guilty without a plea agreement, during the Rule 11 hearing the AUSA may proffer the factual basis orally or move to admit a written statement setting forth the factual basis.

3)    Plea of Guilty to Felony Information

a)  Upon the filing of a felony information, the assigned Magistrate Judge will ordinarily conduct the initial appearance and waiver of indictment hearing.   If the parties have reached a plea agreement at the time of the filing of the Information, the Court may combine the initial appearance and guilty plea proceedings into one hearing.   If the Court holds a combined hearing, the Court will note such in the hearing notice.

b)  When a Defendant intends to plead guilty to a felony information, the parties shall follow the procedures set forth above including the components of a complete plea package. Additionally, if the Court has not held an initial appearance on the Information at the time of the notice of plea agreement, the plea package must include a fully executed waiver of indictment.

c)  In cases charged by information where a related indictment exists, the notice of plea agreement shall be filed in both the case charged by information and the case charged by indictment.

G.  <u>Presentence Investigation Reports and Sentencing Hearings</u>

1)  Upon entry of a conviction by guilty plea or verdict, at the change of plea hearing, or upon conclusion of trial, the Court will issue an order directing the preparation of a presentence investigation report, establish deadlines for presentence matters, and set the sentencing hearing. These deadlines shall not be extended except upon a showing of good cause.

2)  As stated above (<u>see</u> Section V.C.3), sentencing materials, including presentence investigation reports ("PSIR's"), objections to PSIR's, sentencing memorandums, victim impact statements, and motions for variance or departure are inherently confidential.  Thus, such materials shall be filed in a restricted manner in CM/ECF so that only counsel and the Court have access to the filing.

3)      Parties are directed to study and follow the Court's order regarding the presentence investigation report and to follow the instructions and procedures referenced in the order.   Any questions or concerns in that regard should be directed to Judge Baker's CRDC well before any deadline or sentencing hearing.

SO ORDERED, this 1st day of February, 2024.

_____

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA